IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) ) |
| KOOSHAREM CORPORATION d/b/a THE SELECT FAMILY OF STAFFING COMPANIES | ) COMPLAINT ) ) JURY TRIAL DEMAND |
| | ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the bases of race and national origin and to provide appropriate relief to Deanna Dodd, LaSabra Epps, Vera Willingham, Jabonn Bond and a class of individuals who were adversely affected by such practices.

As alleged with greater particularity in the paragraphs below, Plaintiff Equal Employment Opportunity Commission alleges Defendant Select Family of Staffing Companies failed to place and or refer Deanna Dodd, LaSabra Epps, Vera Willingham, Jabonn Bond, African Americans, and a class of other qualified applicants to temporary positions because of their race, and their national origin, non-Hispanic, in violation of Title VII.  The Commission also alleges Defendant gave preference to Hispanic applicants during the hiring process by not requiring criminal background checks and three months of verifiable employment of Hispanic applicants and requiring such

information from non-Hispanic and African American applicants.  In addition, Defendant placed Hispanic employees on the Core List, a list designed by clients companies as preferred employees, when the Hispanic employees were not actually core employees, to justify their placement and referral for employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This is an action authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Koosharem Corporation d/b/a The Select Family of Staffing Companies, ("Defendant Employment Agency"), was a foreign corporation doing business in the State of Tennessee and the City of Memphis. Defendant Employment Agency has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employment Agency has procured

employees for an employer and has been an employment agency within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Deanna Dodd, LaSabra Epps, Vera Willingham, and Jabonn Bonn filed a charge with the Commission alleging Defendant Employment Agency engaged in employment practices which violate Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2006, Defendant Employment Agency has engaged in unlawful employment practices in violation of Title VII, Section 703, 42 U.S.C. § 2000e-2. These unlawful employment practices include failing to place and or refer Deanna Dodd for employment because of her race, African American, and national origin, non-Hispanic.

    a. Dodd appeared at Defendant Employment Agency's Willow Lake Office in October 2006 once she learned Defendant Employment Agency was seeking applicants for employment.

    b. When Dodd arrived at the Willow Lake site, she observed that applicants had formed a line directly in front of the building.

    c. Dodd was one of the first eight or nine applicants in line with other African Americans and Caucasian employees.

    d. Dodd observed Defendant Employment Agency motion for Hispanic applicants to get out of the line and to direct them into the building.

    e.    Dodd alleges she appeared in line in front of the Hispanic applicants.

    f.    Defendant Employment Agency told Dodd and other non-Hispanic applicants that it was not accepting job applications.

    g.    Defendant Employment Agency only allowed Hispanic applicants to complete applications.

    h.    Defendant Employment Agency placed or referred Hispanic applicants for employment whose applications lacked references and relevant work experience.

    i.    Defendant Employment Agency failed to place Dodd for placement because of her race and national origin, non-Hispanic.

    j.    The effect of the practice complained of in paragraph 7 a through i above has been to deprive Deana Dodd of employment opportunities and otherwise adversely affect her status as an employee because of her race African American and national origin, non-Hispanic.

8.    Since at least October 2006, Defendant Employment Agency has engaged in unlawful employment practices in violation of Title VII, Section 703, 42 U.S.C. § 2000e-2.  These unlawful employment practices include failing to place and or refer LaSabra Epps for employment because of her race, African American, and national origin, non-Hispanic.

9.    Around October 2006, Epps learned that Defendant Employment Agency advertised in the classified ads of the local newspaper for positions at its Willow Lake facility.

    a.    Epps went to the Willow Lake facility to apply for work.

4

b. Epps noticed that Defendant Employment Agency placed Hispanic applicants in another room to complete applications.

c. A female staffing agent came out of another room and told Epps and other African American and non-Hispanic applicants that Defendant Employment Agency was not accepting applications.

d. Epps did not notice any Hispanic applicants leave the building.

e. The staffing agent only told the African American and non-Hispanic applicants to leave the building.

f. Because Epps observed Defendant Employment Agency did not accept applications from African Americans, Epps left the grounds and appeared at the Commission's Memphis District Office to file a charge of discrimination on October 4, 2006.

g. Later that same day, Epps telephoned Defendant Employment Agency to ask why Defendant Employment Agency only allowed Hispanic applicants to complete applications and disallowed African American and non-Hispanic applicants to complete employment applications.

10. The effect of the practice(s) complained of in paragraph 9a through g above has been to deprive Epps of employment opportunities and otherwise adversely affect her status as an employee, because of her, race African American and national origin, non-Hispanic.

11. Since at least August 2008, Defendant Employment Agency has engaged in unlawful employment practices in violation of Title VII, Section 703, 42 U.S.C. §

2000e-2. These unlawful employment practices include failing to place and or refer Vera Willingham for employment because of her race, African American, and national origin, non-Hispanic.

    a.    Defendant Employment Agency initially placed and or assigned Vera Willingham at Technicolor around April 2007.

    b.    Willingham worked on and off until August 2008.

    c.    After August 2008, Defendant Employment Agency refused to place Willingham for employment.

    d.    Defendant Employment Agency claimed that Willingham was not on the Core Temp List for its clients' best employees, those whom Defendant Employment Agency rewarded based on their attendance and performance.

    e.    Defendant Employment Agency placed numerous Hispanic employees to work even though they were not identified on the Core List.

    f.    While denying Willingham employment, Defendant Employment Agency continued to place and or refer Hispanic employees who had attendance issues.

    g.    Defendant Employment Agency terminated Hispanic employees for absenteeism and then referred them for other jobs.

    h.    Defendant Employment Agency failed to continue to place and or to refer Willingham for employment because of her race, African American and national origin, non-Hispanic.

    12.    The effect of the practice complained of in paragraph 11 a through h above has been to deprive Vera Willingham of employment opportunities and otherwise

adversely affect her status as an employee, because of her race, African American and national origin, non-Hispanic.

13. Since at least November 2008, Defendant Employment Agency has engaged in unlawful employment practices in violation of Title VII, Section 703, 42 U.S.C. § 2000e-2.  These unlawful employment practices include failing to place and or refer Jabonn Bond for employment because of his race, African American, and national origin, non-Hispanic.

a. Jabonn Bond applied for employment with Defendant Employment Agency's Director's Row facility around May 1, 2008, seeking inventory work.

b. Defendant Employment Agency cleared Bond for work.

c. Defendant Employment Agency told Bond that it would contact him for employment.

d. Bond continued to call Defendant Employment Agency.

e. Defendant Employment Agency told Bond to appear at its Willow Lake facility.

f. Bond appeared at the Willow Lake facility and Defendant Employment Agency required that Bond complete the process all over again.

g. Bond appeared at the Willow Lake facility numerous times through November 2008 seeking work.  Defendant Employment Agency never hired Bond.

h. While failing to place or refer Bond for work, Defendant Employment Agency continued to place and or to refer Hispanic employees who lacked the experience and training as Bond.

14. The effect of the practice complained of in paragraph 13 a through h above has been to deprive Jabonn Bond of employment opportunities and otherwise adversely affect his status as an employee because of his race African American and national origin, non-Hispanic.

15. Since at least October 2006, Defendant Employment Agency has engaged in unlawful employment practices in violation of Section 703(b) of Title VII, 42 U.S.C. § 2000e-2(b)(1).  These unlawful employment practices include refusing to place and or refer a class of workers at its facilities in Memphis, Tennessee based on their race, African American, and national origin, non-Hispanic.

a. From October 2006 to present, Defendant Employment Agency operated at Willow Lake, Kirby Parkway, and Director's Row locations in Memphis to place temporary employees.  Defendant Employment Agency contracted with client companies such as Technicolor, Flextronics, Jabil Circuit, and Sharp to place employees at their facilities.

b. The records revealed during the relevant time period 72% of the workers placed by Defendant Employment Agency were Hispanic workers.

c. Defendant Employment Agency failed to place or refer African American and non-Hispanic applicants who had prior relevant working experience.

e. Defendant Employment Agency required African American and non-Hispanic applicants to undergo criminal background checks and to provide three months of verifiable employment.

f. Defendant Employment Agency did not require Hispanic applicants who

had lived and worked outside the United States to undergo criminal background checks and to provide three months of verifiable employment.

  g. Defendant Employment Agency did not place and or refer African Americans and non-Hispanic applicants who failed the criminal background checks and who lacked three months of verifiable employment.

  16. The effect of the practice complained of in paragraph 15 a through g above has been to deprive African American and non-Hispanic applicants as a class of employment opportunities and otherwise adversely affect their status as an employee because of their race, African American, and national origin, non-Hispanic.

  17. The unlawful employment practices complained of above in paragraphs 7, 9, 11, 13 and 15 were and are intentional.

  18. The unlawful employment practices complained of in paragraphs 7, 9, 11, 13, and 15, were and are done with malice or reckless indifference to the federally protected rights of African American and non-Hispanic workers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining the Defendant Employment Agency, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates because of race, African American, and national origin, non-Hispanic.

  B. Order Defendant Employment Agency to institute and carry out policies, practices and programs which provide equal employment opportunities for African

American and non-Hispanic applicants which eradicate the effects of its past and present unlawful employment practices.

      C.     Order Defendant Employment Agency to make whole Deanna Dodd, LaSabra Epps, Vera Willingham, and Jabonn Bond, and a class of African American and non-Hispanic applicants by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place hiring.

      D.     Order Defendant Employment Agency, to make whole Deanna Dodd, LaSabra Epps, Vera Willingham, Jabonn Bond, and a class of African American and non-Hispanic applicants by providing compensation for pecuniary losses, including but not limited to costs to be incurred for the costs of seeking new employment, in amounts to be determined at trial.

      E.     Order Defendant Employment Agency to make whole Deanna Dodd, LaSabra Epps, Vera Willingham, and Jabonn Bond, and a class of African American and non-Hispanic applicants and workers by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience and mental anguish in amounts to be proven at trial.

      F.     Order Defendant Employment Agency to pay punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper.

      H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

          Respectfully Submitted

          P. DAVID LOPEZ
          General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          s/ Faye A. Williams (with permission JC)
          FAYE A. WILLIAMS
          Regional Attorney
          TN Bar No. 011730

          s/Joseph M. Crout
          JOSEPH M. CROUT
          Supervisory Trial Attorney
          TN Bar No. 012957

          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION
          1407 Union Ave., Suite 901
          Memphis, TN  38104
          (901) 544-0136