IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

    **Plaintiff,**

v.                                                                                      NO. 2:13-cv-02761

**KOOSHAREM CORPORATION d/b/a THE SELECT FAMILY OF STAFFING COMPANIES,**

    **Defendant.**

## ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT

### NATURE OF THE ACTION

Defendant denies each and every allegation contained in the section of the Complaint entitled "Nature of the Action".

### JURISDICTION AND VENUE

1. Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

### PARTIES

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## STATEMENT OF CLAIMS

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are admitted and denied in part. It is admitted that the specified individuals filed individual charges and amended charges on various times and dates which involved disparate allegations of discrimination acts by Defendant.

   a. Mr. Bond filed a charge of discrimination on November 18, 2008 alleging that he had suffered discrimination on the basis of his race "black" because he was told that there was no work available. The period of the discrimination alleged was between May 2, 2008 and November 18, 2008. The office which he visited was located on Directors Row in Memphis, Tennessee. Mr. Bond amended his charge on March 13, 2009 changing his charge to allege that he was being discriminated against because of his race "black" and because of his national origin "American" and that "Spanish speaking applicants were treated more favorably when they were given employment opportunities before blacks and Americans.

   b. Deanna Dodd filed her charge on the basis of a discrete incident occurring two years earlier than Mr. Bond with discrimination dates "Earliest October 4, 2006 and the latest October 4, 2006". Ms. Epps' charge identifies "Remedy Staffing" on Willow Boulevard as the Respondent. Ms. Dodd alleges she was told "that the agency was seeing applicants" but that she was informed "with several potential Black applicants" that the company "was not accepting

applications" but that "during the same period the company was allowing Hispanic applicants to fill out applications".

c. Ms. Epps filed an amended charge of discrimination on October 4, 2006 making similar allegations of a discrete act of race discrimination against Remedy Staffing on Willow Lake Blvd. She also states that "Hispanic applications" were allowed to fill out applications but blacks were not.

d. Ms. Willingham filed a charge of discrimination dated March 16, 2009 alleging race, sex and national origin discrimination. She alleges that Hispanic males received more favorable work assignments. She names the Select Staffing facility on Kirby Parkway as the Respondent. Although she alleges that the "earliest" occurrence occurred on August 18, 2008 and the "latest" incident occurred on August 18, 2008, she marks the box for a "continuing action". Ms. Willingham's initial charge was filed on August 29, 2008 but marked only the boxes for "race" and "sex" discrimination.

Defendant denies that all conditions precedent "have been fulfilled" by the EEOC or the individuals named by the EEOC on behalf of whom the suit was brought.

7. Defendant is without sufficient knowledge in respect to Paragraphs 7(a), 7(b), 7(d) and 7(e). Defendant denies the allegations of Paragraph 7(c). Defendant denies Paragraphs 7(f)(g)(h)(i)(j) and any other allegation not heretofore specifically addressed in Paragraph 7 of the Plaintiff's Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. In respect to Paragraphs 9(a)(b) and (d) of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. Defendant denies the allegations contained in Paragraphs 9(c)(e)(f) and (g) of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies that it discriminated in any way against Vera Willingham but contends that all actions undertaken in respect to Ms. Willingham were taken due to legitimate business reasons unrelated to any discriminatory motive. In respect to Plaintiff's specific allegations contained in Paragraph 11, the following is submitted:

   a. Defendant denies the allegations contained in Paragraph 11(a) of Plaintiff's Complaint.

   b. Defendant denies the allegations contained in Paragraph 11(b) of Plaintiff's Complaint.

   c. Defendant denies the allegations contained in Paragraph 11(c) of Plaintiff's Complaint. This allegation is outside the scope of Plaintiff's charge of discrimination dated March 16, 2009 and indicating the first and latest date of discrimination as August 18, 2008.

   d. Defendant admits the allegations contained in Paragraph 11(d) of Plaintiff's Complaint.

   e. Defendant denies the allegations contained in Paragraph 11(e) of Plaintiff's Complaint.

4

   f. Defendant denies the allegations contained in Paragraph 11(f) of Plaintiff's Complaint.

   g. Defendant is without sufficient knowledge of the truth of Paragraph 11(g) of Plaintiff's Complaint and, therefore, denies the same.

   h. Defendant denies the allegations contained in Paragraph 11(h) of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The allegations contained in Paragraph 13 of Plaintiff's Complaint are admitted in part and denied in part. Defendant denies that it engaged in any unlawful employment practices in respect to Plaintiffs. As to the specific subparagraphs of Plaintiff's Complaint, the following is submitted:

   a. Defendant admits that Mr. Bond applied for employment on April 8, 2008 and sought various types of assignments at the Directors Row Branch of Select Staffing.

   b. Defendant admits that Mr. Bond updated his application for assignments at the Willow Lake Branch at what was then Remedy Staffing, which had been acquired by Select.

   c. Mr. Bond did not make further calls to those offices.

   d. Mr. Bond's application contained false and misleading information.

All other allegations contained in Paragraph 13 of Plaintiff's Complaint not specifically admitted or denied are hereby denied.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits in part and denies in part the allegations contained in Paragraph 15 of Plaintiff's Complaint. Defendant denies that it has engaged in any unlawful employment practices and specifically responds to the subparagraphs of Plaintiff's Complaint as follows:

   a. Defendant admits that it held contracts with the specified companies and that it had acquired the Kirby Parkway and Willow Lake facilities in around 2006. Defendant admits that it is contracted by customers to provide employees to fill positions on a temporary basis. The remaining allegations contained in subparagraph 15(a) are denied.

   b. Defendant denies the allegations contained in subparagraph (b) of Plaintiff's Complaint.

   c. Defendant denies the allegations contained in subparagraph (c) of Plaintiff's Complaint.

   e. Defendant denies the allegations contained in subparagraph (e) of Plaintiff's Complaint.

   f. Defendant denies the allegations contained in subparagraph (f) of Plaintiff's Complaint.

   g. Defendant's policy was consistent in respect to all protected and minority employees. Accordingly, the allegations contained in subparagraph (g) of Plaintiff's Complaint are denied.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies any allegations of the Complaint not hereinabove admitted or denied.

Defendant avers that neither the Commission nor any of the individuals sought to be represented by the EEOC are representative of any class of protected individuals.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted to the EEOC or any alleged class of protected individuals.

2. The Equal Employment Opportunity Commission has misjoined parties and seeks to join other parties to this litigation that are not similarly situated, do not arise out of the same transaction or occurrences and which do not have common law or fact which apply to all Plaintiffs.

3. The Equal Employment Opportunity Commission is judicially estopped in whole or in part from alleging that Defendant violated Title VII of the Civil Rights Act of 1964 due to the contrary assertions presented to this Court by the EEOC in prior litigation.

4. The EEOC is barred from bringing this lawsuit on the basis of the doctrine of laches due to its delay in bring this lawsuit and delay in timely investigating the underlying charges all to Defendant's detriment.

5. The EEOC is barred from bringing this suit in whole or in part by reason of the expiration of the applicable statute of limitations and administrative time limits for processing charges and bringing claims.

6. The EEOC and the individuals it seeks to represent are barred from bringing this lawsuit in whole or in part due to its failure to include the instant allegations within the scope of the charges it has relied upon.

7. The Equal Employment Opportunity Commission and the individuals it seeks to represent are barred in whole or in part by its failure to exhaust its administrative remedies.

8. The individuals who are making claims for back pay are barred in whole or in part by their failure to properly mitigate any alleged back pay amount.

9. The Defendant's employment decisions in this case were based on legitimate business reasons having no basis in any lawful discriminatory animus and having no unlawful discriminatory impact.

10. The EEOC and the individuals it seeks to represent lack standing in whole or in part to bring this lawsuit on its own behalf or the behalf of any individuals it claims to protect.

11. The Defendant reserves the right to raise equitable and legal defenses as they become revealed in discovery.

12. The Defendant is not liable or otherwise responsible for any acts of unlawful discrimination as asserted herein.

Respectfully submitted,

s/ James R. Mulroy, II
James R. Mulroy, II (TN Bar No. 000098)
JACKSON LEWIS P.C.
999 Shady Grove Road, Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
mulroyj@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 4th day of March, 2014 filed the foregoing using the Court's CM/ECF filing system which will electronically serve a true and correct copy of the foregoing to:

P. David Lopez
Gwendolyn Young Reams
Faye A. Williams
Joseph M. Crout
Equal Employment Opportunity Commission
1407 Union Avenue, Suite 901
Memphis, TN  38104

s/ James R. Mulroy, II
James R. Mulroy, II

*Counsel for Defendant*

4841-0599-4774, v. 1