**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

     **Plaintiff,**

**v.**                                                    **Civil Action No. 2:13-cv-02761-SHL-cgc**

**KOOSHAREM  CORPORATION d/b/a
THE SELECT FAMILY OF STAFFING
COMPANIES**

     **Defendant.**

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
REPLY BRIEF IN SUPPORT OF ITS MOTION TO QUASH DEFENDANT'S THIRD
PARTY SUBPOENAS AND FOR PROTECTIVE ORDER**

---

**I.
SUMMARY OF ARGUMENTS**

1.      Plaintiff failed to follow Local Rule 7.2 (c) by filing a reply before entry of an order permitting the filing of the brief.  Therefore, the motion should be denied.

2.      The arguments made by Plaintiff in support of submission of a reply brief do not support the need for a reply but rather reinforce the Defendant's position that independent third party evidence is required in this case.  Therefore, Plaintiff's motion should be denied.

3.      A reply brief invites a surreply on an issue previously definitively addressed by this court by Judge Pham in *Stewart v. Orion*, USDC WD TN No. 2-12-cv-02111-JPM-tmp, (i.e. the need and extent of discovery of the background and reemployment of a claimant in a Title VII case).  Therefore, Plaintiff's motion should be denied.

## II.
## RESPONSE TO MOTION FOR LEAVE TO FILE REPLY BRIEF

**A.**    **Plaintiff failed to comply with Local Rule 7.2(c).**

Local Rule 7.2(c) contemplates that the party seeking to file a reply brief first obtain permission of the court before filing the brief.  The rule establishes that reply briefs, except in the case of dispositive motions, are the exception and not the rule.  In the instant case, rather than requesting permission and then filing the brief if the Court agreed with Plaintiff's rationale, Plaintiff filed the motion and the reply brief at the same time.  Since the local rules draw a distinction between dispositive motions and other motions in respect to reply briefs it is beyond dispute that the court intended the requirements of Local Rule 7.2 (c) to be more than window dressing.  If the Court allows the parties to treat the filing of a motion for permission to reply as a mere formality, then the rule would become meaningless and should be removed from the local rules.

Accordingly the motion to file a reply should be denied and the reply brief filed therewith ignored.

**B.**    **The reasons cited by Plaintiff to support a reply brief in fact demonstrate there is no need for a reply briefing.**

Plaintiff contends that Defendant has raised new arguments in its response briefing.  The response briefing was the first opportunity for Defendant to address the Plaintiff's motion to quash.  Since it had not made any previous arguments, Defendant could not have raised "new" arguments as contended by Plaintiff.  Moreover, the Plaintiff has not provided cogent reasons it needs an additional briefing that address Defendant's arguments.  The Defendant's arguments opposing the motion to quash are three fold:

1.      The Plaintiff has alleged many allegations during the course of the investigation and litigation which appear to be contradicted and otherwise undermined by the very records the Plaintiff provided in discovery.  Many such examples were cited in Defendant's response to the motion to quash.  Further, the business records produced by Defendant supports that other discrepancies exist in respect to Plaintiff's contentions.  For example, although Ms. Epps claims to have been denied the opportunity to apply for employment, in fact records support that she not only applied but actually received job assignments from Select near in time to the  events of October 2006.  In sum, third party evidence is necessary to sort out discrepancies between the Plaintiff's allegations and the records produced in discovery.

2.      The Plaintiff has made significant monetary demands based on a novel theory of damages and specific analysis of the circumstances of individual claimants.[1]  Contrary to Plaintiff's apparent contentions, more than a simple finding of liability or no liability is at issue. If liability is found to be present in respect to all or a portion of the claims, then damages would be available to claimants and defenses to these claimed damages would be available to Defendant.  Mitigation would also be at issue in such case.  In respect to the Plaintiff's running mate theory, comparing qualifications is necessary to determine if in fact a specific non-selection was based on race/national origin rather than simply a lack of comparable qualifications.  In at least one case, we have determined through a comparison of documents that a "running mate" chosen by the Plaintiff was being compared by Plaintiff with someone of the same race and national origin.  We anticipate that third party discovery will reveal other such discrepancies or further support Defendant's contentions that discrepancies exist.

---

[1] The Plaintiff claimed $14 million dollars in damages for 441 claimants and, during negotiations in Kafkaesque positioning, refused to provide the factual support for such a figure.

3.      Plaintiff also asserts boldly that Defendant treated Hispanics more favorably than African Americans (citing one example).  This, of course, is a central disputed issue in this case for which evidence must be developed.  The Plaintiff cannot seriously contend that if it finds one instance of a Hispanic applicant being treated differently than an individual African American that Plaintiff has met its proof obligation and that, therefore, it is unnecessary to take third party discovery.

### III.
### CONCLUSION

The facts do matter.  The complaint in this case relies very heavily on the specific facts related to the four charging parties.  The complaint is segregated into the separate allegations of each of the four. The contested issues in this case relate to liability, damages and proofs related to Defendant's affirmative defenses.  The third party discovery undertaken by Defendant is in accord with Judge Pham's well-reasoned guidance in *Stewart v. Orion*, USDC WD TN No. 2-12-cv-02111-JPM-tmp.

The Plaintiff's motion for leave to file a reply brief should be denied and the Defendant's efforts at third-party discovery should not be impeded.

Respectfully submitted,


s/ James R. Mulroy, II
James R. Mulroy, II (TN Bar No. 000098)
O. John Norris, III (TN Bar No. 017504)
JACKSON LEWIS P.C.
999 Shady Grove Rd., Suite 110
Memphis, TN 38120
Telephone: (901) 462-2600
Facsimile: (901) 462-2626
Email:  mulroyj@jacksonlewis.com
            norrisj@jacksonlewis.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 15th day of September, 2014 filed the foregoing document using the Court's CM/ECF filing system which will electronically serve a true and correct copy of the foregoing to:

> Faye A. Williams, Regional Attorney
> Markeisha Savage, Senior Trial Attorney
> Kelly R. Thomas, Trial Attorney
> Equal Employment Opportunity Commission
> 1407 Union Avenue, Suite 901
> Memphis, TN  38104
>
> Pamela B. Dixon, Sr. Trial Attorney
> Equal Employment Opportunity Commission
> 820 Louisiana Street, Suite 200
> Little Rock, AR  72201
> pamela.dixon@eeoc.gov

> s/ James R. Mulroy, II
> Counsel for Defendant

4812-3151-7470, v.  1