IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:13-cv-02761 |
| NEW KOOSHAREM CORPORATION and REAL TIME STAFFING CORPORATION Defendants. | ) ) ) ) ) | |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (EEOC or Commission) filed this action on September 30, 2013. In its Complaint, the Commission alleges Defendants New Koosharem Corporation and Real Time Staffing Corporation (Defendants) violated Title VII of the Civil Rights Act of 1964, as amended, when Defendants failed to refer or place Deanna Dodd, LaSabra Epps, Vera Willingham, Jabonn Bond and a class of African American and non-Hispanic applicants into temporary positions because of their race and their national origin, non-Hispanic.

Defendants deny the allegations contained in the Commission's Complaint. Defendants maintain it has provided equal employment opportunities for all employees and has complied with Title VII and enters into this Consent Decree to avoid the disruption, costs, delay and expense of litigation. Nothing in this Decree shall be construed to constitute a finding on the

merits of the case or an admission of wrongdoing by Defendants. The Commission and Defendants have consented to entry of this Decree to avoid the additional expense that protracted and continued litigation of this case would involve.

## DISCLAIMER

This Decree represents the only agreement between the Commission and Defendants regarding Civil Action No. 2:13-cv-02761. The parties have not made any representations or inducements to compromise this action, other than those recited or referenced in this Decree. The parties agree not to admit this Consent Decree in evidence in any subsequent proceeding in this lawsuit or other legal proceeding except in enforcement of this Decree, pursuant to paragraph 53.

The Court after examining the terms and provisions of this Decree, and based on the pleadings, record, and representations of the parties, finds the following:

## JURISIDICTION

1. The United States District Court for the Western District of Tennessee, Western Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement.

2. No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to seek enforcement in the event Defendants breach any of the terms of this Decree.

## SCOPE AND DURATION OF THIS DECREE

3. This Decree resolves all issues and claims arising out of the Commission's Complaint in Civil Action No. 2:13-cv-02761 alleging unlawful employment practices by Defendants based on Charge Nos. 490-2007-00028, 490-2007-00029, and 490-2008-03129, and

490-2009-00415, filed by LaSabra Epps, Deanna Dodd, Vera Willingham, and Jabonn Bond, respectively.

4. Upon the date the Court enters the Decree, the provisions of this Decree become immediately effective and shall bind the Commission and Defendants for three years after the effective date of this Decree.

5. This Decree applies to the following Real Time Staffing facilities in Tennessee and Mississippi:

   a. 6635 Quince Road, Memphis, TN;

   b. 4165 Willow Lake Blvd, Memphis, TN;

   c. 6888 Goodman Road, #122, Olive Branch, MS;

   d. 682-C Highway 6 East, Batesville, MS;

   e. 2434 D West Main Street, Tupelo, MS; and

   f. 2340 Sunset Drive, Grenada, MS

## INJUNCTIVE RELIEF

6. Defendants, their supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert are enjoined from discriminating against applicants and temporary workers based on their race and national origin in the referral or placement for employment.

7. Defendants, their supervisors, managers, officers, directors, agents, successors, subcontractors, and all other persons in active concert with it are enjoined from retaliating against any applicant or employee because the individual opposed a practice made unlawful under Title VII, participated in the filing of a charge of discrimination, or participated in any investigation under Title VII.

## TRAINING

8. During the duration of this Decree, Defendants will conduct an annual training program on race and national origin discrimination for all managerial employees working for Defendants at their facilities listed in paragraph 5 and at Defendants' clients' job sites, to deter any unlawful discrimination and retaliation in its workplace.

9. Defendants will provide the training materials in English and Spanish.

10. Defendants will schedule the initial annual training and conduct it within 60 days after the date of the entry of this Decree.

   a. Defendants will conduct the second training session eleven months after entry of the Decree.

   b. Defendants will conduct the third training session within twenty two months after entry of the Decree.

11. Defendants agree to conduct training each year for the duration of this Consent Decree.

   a. Within ten days after the completion of each annual training session, Defendants will notify the Commission that it conducted the training.

   b. Defendants will email an electronic copy of the training materials to Faye A. Williams, Regional Attorney, at Faye.Williams@eeoc.gov.

12. Defendants will retain an outside human resources consultant or attorney who has specialized knowledge of employment discrimination or who has experience in labor and employment law to fulfill the training requirement in the above paragraph 8.

13. Defendants will conduct the training in-person.

14. Defendants will inform all managerial staff in writing that the training is

mandatory for all management employees, including individuals placed at the clients' jobsites.

15.    Prior to the initiation of the training, Defendants' Regional Vice President (Memphis, TN), or an officer of Defendants will appear in-person or via video conferencing at this training to inform participants of Defendants' non-discrimination policy regarding race and national origin discrimination; that Defendants will not tolerate any discrimination in the workplace; and the consequences for discriminating in the workplace.

16.    Defendants will also reference this lawsuit and the allegations in the lawsuit.

17.    The training will last at least four hours and will include, but not necessarily be limited to, the following:

   a.    a discussion of the history of Title VII of the Civil Rights Act of 1964;

   b.    a discussion of what conduct constitutes race discrimination;

   c.    a detailed discussion of Defendants' policy against race discrimination;

   d.    a discussion of Defendants' policy against retaliation;

   e.    a discussion of Defendants' procedures and responsibilities for reporting, investigating and remedying race discrimination and retaliation;

   f.    a discussion of national origin discrimination under Title VII;

   g.    a discussion of Defendants' policy against national origin discrimination; and

   h.    the application of equal employment opportunity to the referral and or placement of applicants and employees to temporary positions without regard to race and national origin.

18.    Defendants agree to provide to the Commission a signed roster of the list of attendees and their work locations for all annual training sessions with each annual electronic report as set forth in paragraph 45.

**INDIVIDUAL AND CLASS RELIEF**

19. Defendants will pay a total of $580,000 in full and final settlement of the individual claims of the Commission on behalf of the Charging Parties Deanna Dodd, LaSabra Epps, Vera Willingham, Jabonn Bond and all class claims brought under the Commission's Complaint. The EEOC shall designate the amounts to be paid the individual claimants.

20. Within 30 business days from the effective date of this Decree, Defendants shall fund the Class Fund as noted in paragraph 19 to compensate Charging Parties Deanna Dodd, LaSabra Epps, Vera Willingham, Jabonn Bond and the class members for their claims of Title VII violations arising out of Defendants' alleged failure to place African American and non-Hispanic applicants and workers into temporary positions because of their race and national origin.

21. Within 35 days from entry of the Decree, Defendants shall provide the Commission with written verification of the funding/creation of an account for the Class Fund.

22. As an initial down payment, Defendants shall deposit $100,000 in a trust account with a Settlement Administrator for the benefit of the Class to be distributed as designated by the Commission. Thereafter, Defendants shall deposit $48,000 with the Settlement Administrator on a monthly basis for 10 months in equal installments of $48,000 with the final installment conveying the remainder of the agreed upon amount.

23. Defendants shall deposit funds in an interest bearing account representing the total payments in paragraph 19 for full and final settlement of these claims.

24. The payments represented in paragraphs 19, 20, and 22 are in full satisfaction and release of all claims contained in the Charges and the Complaint filed in this matter, including the following:

      a.      All distributions to the Claimants; and

      b.      All tax withholdings, including the employees' portion of such withholdings.

25. Within 90 business days following the entry of this Decree, the Commission shall notify all relevant claimants of their interest in this matter. The Commission shall send each claimant, including the Charging Parties Deanna Dodd, LaSabra Epps, Vera Willingham, and Jabonn Bond a release of any claims of race and national origin discrimination arising under Title VII that were included in the claims alleged in the Commission's lawsuit against Defendants. The Release is attached and made a part of this Decree as Exhibit No. B.

26. The Commission will provide to Defendants and or the Settlement Administrator, a list of the class members, their last known addresses, the amount due to each class member, and a social security number or taxpayer identification number for each claimant within 180 days following entry of the Decree.

27. The Class Fund shall be distributed solely to the Charging Parties and claimants who have executed a Release and returned the Release to the Commission within 150 days from entry of the Decree.

28. No claimant shall receive payment pursuant to this Decree until a signed Release, Exhibit B, has been received by the Defendants.

29. Within 30 days of receiving all Releases from the Charging Parties and class members, the Commission will also provide fully executed releases to Defendants as noted in Exhibit No. B.

30. If a Charging Party or claimant dies prior to execution of the Release, the Commission may obtain a Release from an executor appointed by a court or an individual who

has legal authority over the Charging Party or claimant's estate and such individual submits the Release within 150 days of entry of the Decree by the Court.

31. Within 30 business days after receipt of the Final Distribution List, the Settlement Administrator shall forward, via certified mail, an individual check to each of the Charging Parties and class members. All amounts distributed from the Class Fund constitute 50% W-2 wages and 50% "compensatory damages," under the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Settlement Administrator shall prepare and distribute an IRS Form 1099 for the compensatory damages payments, and shall make appropriate reports to the Internal Revenue Service.

32. The Settlement Administrator will mail all checks to the Charging Parties and claimants at the addresses provided by the Commission.

33. All late payment of checks shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961, unless the delay is caused by problems not created by Defendants.

34. Within 30 business days of the mailing of each settlement check, the Settlement Administrator shall submit or email a complete list of checks, check numbers, and amounts tendered to each claimant to the Commission, Faye A. Williams, Regional Attorney, Equal Employment Opportunity Commission, 1407 Union Ave., Suite 901, Memphis, Tennessee 38104.

35. Within 90 days after the mailing of each settlement check (or at such later time as may be agreed upon by the parties), the Settlement Administrator will notify the Commission of returned checks or checks not cashed. The Commission will direct the redistribution of the amount of any remaining funds to the Charging Parties and remaining class members at the discretion of the Commission. No funds from the Class Fund shall revert to Defendants.

## DEVELOPMENT OF APPLICATION PROCESS

36. Within 30 days after entry of this Decree, Defendants will develop a job application process for walk-in applicants.

37. The policy will state that Defendants do not refer applicants for placement or assignment at its clients' companies based on race or national origin.

38. Defendants agree to allow all applicants to apply for employment without regard to race or national origin.

39. Defendants agree to maintain a sign-in/log sheet for all walk-in applicants who appear in-person to apply for employment. The sign-in/log sheet will contain the name, race, national origin, date, address, and telephone numbers of each applicant.

40. Defendants agree to permit all walk-in applicants to apply on-line for employment and to assist walk-in applicants with the on-line application process if necessary.

41. Defendants agree to generate reports to show:

a. the applicants who applied for employment;

b. when the applicants applied for employment;

c. when Defendants placed or assigned the applicant; and

d. the race and national origin of the applicants placed or assigned.

42. The policy will also list a 1-800 number for Defendants' corporate headquarters for an applicant to report alleged discrimination.

43. Within ten days after creation of the policy, Defendants will post the policy and procedures in the entrance room for all of their facilities listed in paragraph 5 covered by this Decree and where applicants appear to seek job referrals and assignments.

## RECORDKEEPING AND REPORTING PROVISIONS

44. Defendants will maintain records of any complaints of race discrimination or national origin discrimination involving any of its applicants and employees. These records must include:

   a. the names, addresses, social security numbers, if supplied, and telephone numbers of the applicant or employee making the complaint;

   b. the date of the report or complaint;

   c. a detailed description of the allegations made;

   d. the names of any witnesses;

   e. the name and position of the alleged discriminating individual; and

   f. what actions, if any, Defendants took to resolve the complaint.

45. During the three year term of this Decree, Defendants shall provide the Commission one electronic report annually of the following:

   a. A list of all temporary workers, including their names, race, national origin, address, date placed and/or assigned, date assignment ended, and reasons for ending the assignment;

   b. a record of attendance at the training program required by paragraph 8 above;

   c. signed roster of the list of attendees and their work locations for all annual training sessions with each annual electronic report as set forth in paragraph 18;

   d. Copies of Defendants' sign-in log sheets to the Commission as referenced in paragraph 39;

   e. a summary of the information recorded by Defendants pursuant to paragraph 41 above;

    f.    electronic reports of the complaints required in paragraph 44;

    g.    copies of the auditor's reports as required in paragraph 48; and

    h.    a certification by Defendants that the Notice required to be posted by paragraph 49 below remains posted during the time period preceding the report.

46.    Defendants will submit the first electronic annual report within six months of the entry of this Decree; the second annual electronic report within twelve months of the entry of this Decree; the third annual electronic report within 24 months of the Decree.

## MONITORING

47.    The Commission shall have the right to monitor and review compliance with this Decree. Defendants will cooperate with the Commission in any review function as it relates to this Decree. Specifically, the Commission shall have the right to:

    a.    attend training sessions required by this Decree;

    b.    review any applications and all documents required by this Decree;

    c.    interview employees related to the requirements of this Decree; and

    d.    inspect Defendants' premises upon prior notice of five business days to ensure:

        i.    the log is maintained in each facility;

        ii.    Defendants' policy is posted;

        iii.    the notice to employees (Exhibit A) remains posted; and

        iv.    the notice poster remains posted.

## INTERNAL AUDIT

48.    Defendants have hired a Director of Internal Compliance to conduct an internal audit every six months. The Director will compare the applicant sign in log sheets with Defendants' actual referrals. Specifically, the auditor will determine whether Defendants

refer/place applicants in the order the applicants sign the log sheets. The auditor will prepare a report that reflects its findings, with underlying data, regarding whether applicants are referred/placed in the order indicated on the log sheets. The auditor will submit the report to the Commission within ten business days of completion.

## NOTICE

49. Defendants shall post an 11 x 14 copy of the Notice attached as Exhibit A within ten business days of entry of this Decree. Defendants will post Exhibit A in a conspicuous place upon its premises where notices to applicants and employees are customarily posted, and keep a copy of the Notice attached as Exhibit A posted for a period of three years.

50. Defendants must also keep posted in conspicuous places the notice poster required by Title VII, 42 U.S.C. § 2000e-10.

51. Defendants shall distribute a copy of the Notice to Employees, Exhibit A, to all employees in management or supervisory positions at their offices, as well as review the training and record keeping requirements of this Decree with its management or supervisory employees.

## SALE OF BUSINESS

52. Defendants shall provide prior written notice to any potential purchaser of Defendants' business, or a purchaser of all or a material portion of Defendants' assets, or to any other potential successor, of the Commission's lawsuit, and the existence and contents of the Consent Decree.

## ENFORCEMENT

53. If Defendants fail to comply with the terms of this Decree, the Commission has a right to enforce the obligations under this Decree. The Commission will provide ten days' notice to Defendants/Human Resources Director of any deficiency in complying with the terms of this

Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendants' compliance with the terms of this Decree, the Commission will then have the option of petitioning the Court for relief.

## MISCELLANEOUS PROVISIONS

54. Each party to this Decree shall bear its own costs, attorney fees, and expenses in this lawsuit.

55. When this Decree requires a certification by Defendants of any facts, such certification will be made under oath or penalty of perjury by an officer or management employee of Defendants.

56. When this Decree requires the submission by Defendants of electronic reports, certifications, notices, or other materials to the Commission, Defendants will mail such reports to: Title VII Settlement, Equal Employment Opportunity Commission, c/o Faye A. Williams, 1407 Union Avenue, Suite 901, Memphis, TN 38104 or Faye.Williams@eeoc.gov.

**IT IS SO ORDERED** THIS 5th DAY OF DECEMBER, 2014.

/s/ Sheryl H. Lipman
SHERYL H. LIPMAN
**U. S. DISTRICT JUDGE**

## EXHIBIT A
## NOTICE TO ALL EMPLOYEES

1. This Notice to all employees of Real Time Staffing is posted as part of the agreement reached between Real Time Staffing and the Equal Employment Opportunity Commission in settlement of a complaint alleging employment discrimination.

2. Discrimination based on race and national origin violates Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.  Federal law requires an employer to maintain a workplace free from discrimination based on race, sex (gender), religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment.  It is also unlawful under Title VII to retaliate against any applicant or employee who opposes a practice made unlawful under federal law, or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under Title VII.

3. Real Time Staffing will not tolerate or condone race and national origin discrimination or retaliation against any employee or applicant for employment. Retaliation discrimination violates company policy as well as federal law.  Violation of these company policies by anyone employed by Real Time Staffing will result in disciplinary action up to and including termination.

4. The posting of this Notice by Real Time Staffing does not constitute an admission by Real Time Staffing of any liability under federal law.

    If you believe you have been discriminated against in violation of federal law, please contact Real Time Staffing at 1-800_____ or EEOC at:

    Equal Employment Opportunity Commission
    1407Union Avenue, Suite 900
    Memphis, TN  38104
    Telephone:  1-800-669-4000
    TTY (901) 544-0112
    Website:  www.eeoc.gov

This Notice shall remain posted by Real Time Staffing for three years from the date signed below and must not be altered, defaced, removed, or covered by any other materials.

SIGNED this ____ day of _____, 2014

                                    _____
                                    REAL TIME STAFFING.

## EXHIBIT B

## <u>RELEASE</u>

In consideration for $\$\underline{\hspace{1cm}}$ paid to me by New Koosharem Corporation and Real Time Staffing Corporation in connection with the settlement *of EEOC v. New Koosharem Corporation and Real Time Staffing Corporation*, Civil Action No. 2:13-cv-02761, (W.D. Tenn.), I waive and release my right to recover for any claims of race and national origin discrimination arising under Title VII of the Civil Rights Act of 1964, that I had against Real Time Staffing prior to the date of this Release and that were included in this lawsuit. I understand that I am responsible for any taxes associated with this payment.

I have read this Release and I execute it voluntarily, without coercion or threat of reprisal.

IN WITNESS WHEREOF, this Release is signed and executed by me on the ____ day of _____, 2014.

_____
NAME